JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANN MATSINGER

**(b)** County of Residence of First Listed Plaintiff    Bucks County, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Vicki Piontek.- 951 Allentown Road, Lansdale PA 19446 877-737-8617

## DEFENDANTS

Midland Funding, LLC and X,Y,Z Corporation

County of Residence of First Listed Defendant    San Diego, CA

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Lawrence J. Bartel, Esquire, 2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities—Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities—Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

47 U.S.C. § 227, et seq. and 15 U.S.C. § 1692, et seq.

Brief description of cause:

Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   2,401

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   March 5, 2015

SIGNATURE OF ATTORNEY OF RECORD   *Lawrence J. Bartel*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Ann Matsinger c/o Vicki Piontek - 951 Allentown Road, Lansdale PA 19446  877-737-8617

Address of Defendant: Midland Funding, LLC c/o Lawrence J. Bartel, 2000 Market Street, Suite 2300 Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Bucks County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☑   No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases (Please specify) |
| 10. ☐ Social Security Review Cases | |
| 11. ☑ All other Federal Question Cases (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lawrence J. Bartel , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 5, 2015 _____ *Lawrence J. Bartel* _____ 94006 _____

Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 5, 2015 _____ *Lawrence J. Bartel* _____ 94006 _____

Attorney-at-Law     Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **ANN MATSINGER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MIDLAND FUNDING, LLC and X,Y,Z** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b)    Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c)    Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d)    Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)    Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)    Standard Management--Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| | | Defendant, Midland Funding, LLC |
| March 5, 2015 | *Lawrence J. Bartel* | |
| Date | Attorney-at-law | Attorney for |
| | Lawrence J. Bartel, Esquire. | |

| | | |
|---|---|---|
| | | Ljbartel@mdwcg.com |
| (215) 575-2780 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

551629

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANN MATSINGER,** | |
| Plaintiff, | **Civil Action No.** |
| **vs.** | |
| **MIDLAND FUNDING, LLC AND** | |
| **X,Y Z CORPORATIONS** | |
| Defendant. | |

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, Midland Funding, LLC (hereinafter "MF"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby removes the action captioned as <u>Ann Matsinger v. Midland Funding, LLC et al.</u>, docket no. 008950-2014, as filed in the Court of Common Pleas for Bucks County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.      On or about January 28, 2015 Plaintiff filed the Action in the Court of Common Pleas for Bucks County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2.      MF first received notice of the Action on February 4, 2015, when it was served with Plaintiff's Complaint.

1

3.     Based on the foregoing, MF has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. See 28 U.S.C. § 1446(b).

4.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by MF pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that MF violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5.     In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Bucks County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.     Pursuant to 28 U.S.C. § 1446(d), MF will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Bucks County Court of Common Pleas.

**WHEREFORE**, Defendant, Midland Funding, LLC notifies this Court that this Action is removed from the Court of Common Pleas for Bucks County, Pennsylvania to the United States District Court for the

Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By: _Lawrence J. Bartel_____

Lawrence J. Bartel, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2780 / (215) 575-0856 (f)
Ljbartel@mdwcg.com
Attorneys for Defendant
Midland Funding, LLC

Dated: March 5, 2015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANN MATSINGER,

                Plaintiff,

   vs.

MIDLAND FUNDING, LLC AND

X,Y Z CORPORATIONS

                Defendant.

Civil Action No.

### CERTIFICATE OF SERVICE

I, Lawrence J. Bartel, Esquire, do hereby certify that a true and correct copy of Defendant, Midland Funding, LLC's Notice of Removal was served upon the below-listed counsel of record by regular mail on March 6, 2015:

      Vicki Piontek, Esquire
      951 Allentown Road
      Lansdale, PA 19446
      Attorney for Plaintiff
      Ann Matsinger

               **MARSHALL DENNEHEY WARNER
               COLEMAN & GOGGIN, P.C.**

By: ___Lawrence J. Bartel_____
               Lawrence J. Bartel, ESQUIRE
               Attorneys for Defendant
               Midland Funding, LLC

Dated: ___March 6, 2015___

4

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
Civil Action - Law



Ann Matsinger
965 CIRCLE DRIVE
SOUTHAMPTON, PA 18966,
               Plaintiff

v.

Midland Funding, LLC
8875 Aero Drive Suite 200
San Diego, CA 92123
and
X, Y Z Corporations,
          Defendant(s)

:
:
:
:
:
:
:
:
:
:
:
:

2014-08950

Jury Trial Demanded



### NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE
CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN
TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY
ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO
SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY
CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE
DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.

See Next Page   >>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
Civil Action - Law

Ann Matsinger                              :
965 CIRCLE DRIVE                           :
SOUTHAMPTON, PA  18966,                    :
                          Plaintiff        :          2014-08950
v.                                         :
                                           :
Midland Funding, LLC                       :
8875 Aero Drive Suite 200                  :      Jury Trial Demanded
San Diego, CA 92123                        :
and                                        :
X, Y Z Corporations,                       :
                      Defendant(s)         :

## COMPLAINT

1.  This is an action for damages brought by an individual consumer for Defendant's violations of

    the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").


2.  Jurisdiction and venue is proper in this jurisdiction because Defendants transact business here on

    a regular basis.


3.  A substantial portion of the acts omissions, transactions or occurrences described in this

    Complaint took place at or near this jurisdiction.


4.  Similarly situated consumers are likely to be located at or near this jurisdiction.


5.  Key witnesses are likely to be located at or near this jurisdiction.

6. Plaintiff is Ann Matsinger, an adult individual with a mailing address of 965 CIRCLE DRIVE, SOUTHAMPTON, PA 18966.

7. Defendants are the following persons and business entities.

   a.       Midland Funding, LLC, a business entity with a principle place of business address of 8875 Aero Drive Suite 200, San Diego, CA 92123.

   b.       X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of FDCPA, 15 USC 1692 et. seq.**
**Illegal Attempt to Collect Post-Charge Off Interest for**
**Midland Funding, LLC Account No. 8559,**
**Formerly HSBC Account**

8.  The previous paragraphs are incorporated herein by reference.

9.  At all times mentioned in this Complaint, Defendant was a "debt collector" as that term is defined by the FDCPA.

10. At all times mentioned herein, Defendant was attempting to collect on an alleged "consumer debt" against Plaintiff, as that term is defined by the FDCPA.

11. The alleged consumer debt that Defendant was trying to collect from Plaintiff was for Plaintiff's personal, household or family purposes.

12. Prior to the commencement of this lawsuit, Plaintiff had a consumer account with HSBC.

13. Said HSBC account was a consumer account which was used for Plaintiff's personal, family and household purposes.

14. Said account was charged off by HSBC on or about July, 2011, with an ending charge off balance of $15,919.00.

15. On or about May 8, 2013, Defendant purchased and acquired said account from HSBC.

16. At the time that Defendant acquired the account, Defendant added on retroactive interest to the account for the period between the charge off and the date that Defendant acquired the account.

17. It is believed and averred that it is the policy and practice of HSBC to not charge interest on accounts after charge off.

18. It is further believed and averred that upon charge-off, HSBC waived the assessment of further interest on the account, and stopped sending monthly statements to Plaintiff which notified Plaintiff of any interest.

19. With interest being waived at charge-off by the original Creditor, Defendant did not acquire the rights to assess contractual rate interest beyond charge-off for the period between charge-off and their acquisition of the account.  See McDonald v. Asset Acceptance, LLC, U.S. District Court for the Eastern District of Michigan, Case Number 11-cv-13080 (2013) and Simkus v. Cavalry Portfolio, Case No. 11-cv-7425, U.S. District Court for the Northern District of Illinois (2012).

20. With interest being waived at charge-off by the original Creditor, Defendant did not acquire the rights to assess contractual rate interest even subsequent to its acquisition of the account.  See McDonald v. Asset Acceptance, LLC, U.S. District Court for the Eastern District of Michigan, Case Number 11-cv-13080 (2013) and Simkus v. Cavalry Portfolio, Case No. 11-cv-7425, U.S. District Court for the Northern District of Illinois (2012).

21. Thus, by application of the doctrine of waiver, any demand for contractual interest misstated any amount allegedly due and owing on the account.

22. The rule is that an assignee of a contract takes it subject to the defenses which existed against the assignor at the time of assignment." Allis-Chalmers Credit Corp. v. McCormick, 30 Ill.App.3d 423, 331 N.E.2d 832, 833 (4th Dist. 1975). Accord Montgomery Ward & Co. v. Wetzel, 98 Ill.App.3d 243, 423 N.E.2d 1170, 1175, 53 Ill..Dec. 366 (1st Dist. 1981) ("the assignee thus takes the assignor's interest subject to all legal and equitable defenses existing at the time of assignment").

23. Defendant retroactively imposed interest which the original creditor had waived.

24. The amount of the retroactive interest was above the 6% statutory interested permissted under Pennsylvania state law.

25. As of April, 2014, Defendant reported an alleged balance of $18,526 as being due and owing Defendant. Defendant reported such alleged balance to Equifax Information Services, LLC, a consumer reporting agency (CRA) as defined by 15 USC 1681a et. seq. of the Fair Credit Reporting Act. Such alleged balance included excessive retroactive and / or prospective interest not allowed by law. Upon information and belief such information was reported by Defendant to other CRAs as well.

26. The retroactive addition of interest which a creditor has waived is improper. An assignee steps into the shoes of the assignor as of the date the assignor sells the account, and has not right to retroactively reverse the assignor's business decision to not charge interest during a period when the assignee did not hold the account.

27. By retroactively imposing interest which the original creditor has waived, Defendant misstated the amount of the alleged debt and also attempted to collect an amount which Defendant was not legally allowed to collect in violation of 15 USC 1692e et. seq. and 15 USC 1692f et. seq. of the FDCPA.

28. The original creditor also waived prospective interest at the time of charge off.

29. Defendant also imposed prospective interest on the account, above and beyond any statutory rate that would have been permissible under federal or applicable state law.

30. The amount of the prospective interest was above the 6% allowed under Pennsylvania law.

31. The prospective addition of interest which a creditor has waived is improper. An assignee steps into the shoes of the assignor as of the date the assignor sells the account, and has not right to retroactively reverse the assignor's business decision to not charge interest during a period when the assignee did not hold the account.

32. By prospectively imposing interest which the original creditor has waived, Defendant misstated the amount of the alleged debt and also attempted to collect an amount which Defendant was not legally allowed to collect in violation of 15 USC 1692e et. seq. and 15 USC 1692f et. seq. of the FDCPA.

## LIABILITY

33. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

34. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

35. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

36. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

37. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

38. Any mistake made by Defendant(s) would have included a mistake of law.

39. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

## DAMAGES

40. All previous paragraphs of this complaint are incorporated by reference and made a part hereof.

41. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, etc. to Plaintiff's attorney to stop the unlawful collection activity.

42. It is believed and averred that Plaintiff is entitled to $1,000.00 statutory damages under the FDCPA 15 USC 1692k, or other amount approved by this Honorable Court.

43. Plaintiff suffered some emotional distress as a result of Defendant(s) unlawful debt collection activity.

44. The amount of such distress shall be proven at trial.

## ATTORNEY FEES

45. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

46. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1692k.

47. Plaintiff believes and avers that the reasonable value of Plaintiff's services is no less than $350.00 per hour.

48. Plaintiff believes and avers that Plaintiff's is entitled to reasonable attorney fees of $1,400.00 at a rate of $350.00 per hour which includes the following.

| | | |
|---|---|---|
| a. | Consultation with client and review of file | 1 hour |
| b. | Drafting, editing, review and filing complaint and related documents. | 1 hours |
| c. | Reasonable follow up with Defense and client | 2 |
| | | _____ |
| | | 4 hours |

4x $350  = $1,400.00

49. The above stated attorney fees represent work performed up and until the filing of this Complaint as well as reasonable follow up with client and Defense.

50. Plaintiff's attorney fees continue to accrue as this case progresses.

## OTHER RELIEF

51. The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

52. Plaintiff requests such other relief as this court may deem just and proper.

53. Plaintiff demands a jury trial in this matter.

54. Plaintiff seeks fees and costs for prosecuting this action.

55. Plaintiff seeks such other relief as this Honorable Court deems just and proper.

Wherefore, Plaintiff prays for judgment against Defendants jointly and severally in the amount of $2,401.00 enumerated below.

$1.00 actual damages

$1,000.00 statutory damages

$1,400.00 attorney fees

_____

$2,401.00

Plaintiff also requests such other relief as this Honorable Court deems just and proper. Plaintiff seeks fees and costs for prosecuting this action.  Plaintiff demands a jury trial.

_____          1/12/2014
Vicki Piontek., Esquire                          Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

# EXHIBITS

TransUnion

**MIDLAND FUNDING LLC   #855927\*\*\*\***
2875 AERO DR
SUITE 200
SAN DIEGO CA 92123
(800) 825-8131

| Placed for collection: | 05/01/2013 | Balance: | $15,149 | Pay Status: | >In Collections< |
| Responsibility: | Individual Account | Date Updated: | 06/23/2013 | | |
| Account Type: | Open Account | Original Amount: | $15,949 | | |
| Loan Type: | FACTORING | Original Creditor: | 4100 DATA SERVICES A | | |
| | COMPANY ACCOUNT | Past Due: | $137,149 | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 11/2017

**Midland Funding LLC** · 8875 Aero Dr Ste 200 San Diego CA 92123-2255 · (800) 825-8161

Account Number: 859927·······

| Items As of Date Reported | Balance Amount | Amount Past Due | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Date of Last Activity | Mo/Du Next Activity Designator | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Creditor Classification | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/27/2014 | $18,526 | $18,526 | 05/06/2013 | $15,919 | | | | | 9 | 06/2013 | | | | | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Collection Account;

**Historical Account Information**

| Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|
| 03/14 | No Data Available | | | | | | | |
| 02/14 | $18,452 | | | $15,919 | | $18,452 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | |
| 01/14 | $18,342 | | | $15,919 | | $18,342 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | |
| 12/13 | $18,269 | | | $15,919 | | $18,269 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | |
| 11/13 | No Data Available | | | | | | | |
| 10/13 | $18,123 | | | $15,919 | | $18,123 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | |
| 09/13 | No Data Available | | | | | | | |
| 08/13 | $17,958 | | | $15,919 | | $17,958 | Debt Buyer Account | |
| Additional Information: Collection Account | | | | | | | | |

( Continued On Next Page )

Page 19 of 28

41000430893PD-001627208- 351 - 2195 - DS

7097-03-00-0000432-0005-0007494

::::: Experian
An Experian company

Prepared for: ANN MATSINGER
Date: April 10, 2014
Report number: 0639-3553-02

Page 10 of 32

Your accounts that may be considered negative (continued)

MIDLAND FUNDING
8875 AERO DR. STE 200
SAN DIEGO CA 92123
Phone number
(800) 825 8131
Partial account number
855927....
Address identification number
0039218776
Original creditor HSBC BANK
NEVADA N.A.

| | Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|---|
| | May 2013 | Debt Buyer | original amount | $18,526 as of Mar | Individual |
| | First reported | Terms | $15,919 | 2014 | Status |
| | Jun 2013 | 1 Months | High balance | | Collection account. $18,526 past due as of Mar 2014. |
| | Date of status | Monthly | Not reported | | This account is scheduled to continue on record until Sep |
| | Jun 2013 | payment | | | 2017. |
| | | Not reported | | | |

Payment history
2014       2013
MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN

| | Feb14 | Jan14 | Nov13 | Oct13 | Sept13 | Aug13 | Jul13 | Jun13 |
|---|---|---|---|---|---|---|---|---|
| | 18,452 | 18,342 | 18,269 | 18,123 | 18,049 | 17,958 | 17,903 | 17,811 |
| | ND | ND | ND | ND | ND | ND | ND | ND |
| | ND | ND | ND | ND | ND | ND | ND | ND |

Account history - If your creditor reported your account balance to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.
▓▓▓ = Date payment received       $ Scheduled payment amount ($)       ▓▓▓ = Actual amount paid ($)

0031751105